## Case No. 549.

### ARMSTRONG et al. v. UNITED STATES.

[Pet. C. C. 46.][1]

Circuit Court, D. New Jersey.    Oct. Term, 1811.

BOND OF INTERNAL REVENUE COLLECTOR — CONFORMITY TO STATUTE — SURETIES — VALIDITY AS TO COLLECTIONS PREVIOUSLY MADE.

1. A bond, given by a collector of the internal revenue, with sureties, conditioned that the collector had accounted and would account, for all taxes collected or to be collected, is not binding on the sureties, as to collections previously made; and the court granted a perpetual injunction against proceedings on such bond, except for the sums received by the collector after its execution.

[Cited in Bonaparte v. Camden & A. R. Co., Case No. 1,617.]

2. When a bond is taken under a statute, it ought to conform in substance to the requisitions of the law, and if it goes beyond it, it is void, so far as it exceeds those requisitions.

[Cited in U. S. v. Brown, Case No. 14,663; U. S. v. Mynderse, Id. 15,851; U. S. v. Humason, Id. 15,420.]

[In equity. Bill for injunction by Thomas Armstrong and Charles Case against the United States.] The bill stated, that in June, 1796, one Smith was appointed by the supervisor of New Jersey, to collect the internal revenue, within a particular district; and that he gave bond, with one Willis as his security. He was afterwards required to give additional security, and on the 1st of January, 1799, he, together with the complainants, as his sureties, executed a new bond, with condition that the said Smith had faithfully executed the duties of a collector, and would thereafter faithfully execute the same. That, at the time when this latter bond was given, the said Smith was considerably indebted to the United States for collections theretofore made; and that during the year 1799, he became also indebted, in an additional sum, for money collected by him, which he had not accounted for. That a suit was brought by the United States on the last mentioned bond, in the district court, in order to recover the whole sum. The plaintiffs offered to pay, and are still willing to pay the amount collected and not accounted for since the 1st January, 1799, which the officers of the United States refused to receive. That a judgment was recovered by the United States for the whole sum; against which an injunction is prayed.

The answer admits the above allegations in the bill, and adds, that before the trial took place in the district court, the counsel for the complainants, and the district attorney, made a statement of the case, for the opinion of the secretary of the treasury; who decided that the complainants were bound to pay the whole sum. The cause came on for a hearing, when a witness was examined, to prove an allegation in the bill, that Willis, the surety on the first bond, owned real property in this state, to nearly double the amount of the debt which had accrued prior to January, 1799, which he sold subsequent to the year 1800.

Mr. Stockton, for the plaintiffs, stated, that the first law which required a bond to be given by the collector of the internal revenue passed the 11th July, 1798, [1 Stat. 591,] and merely says, that the supervisors, inspectors and collectors, shall within three months after being thereto required, give bonds, with sureties, for the true and faithful execution of their respective offices, and settlement of their accounts. This is purely prospective. The law, as to bonds to be given by collectors of duties on imported goods is otherwise.

[Before WASHINGTON, Circuit Justice, and MORRIS, District Judge.]

WASHINGTON, Circuit Justice. One object of this bond most clearly seems to have been, to secure a debt previously due to the United States; and the court does not mean to say, that security in such cases may not be legally taken by the officers of the United States; but when a statutory bond is taken, it ought to conform, in substance at least, to the requisitions of the statute; and if it go beyond the law, it is void, at least so far as it does exceed those requisitions. This is an official bond, which the supervisor had a right to demand, and Smith was obliged to give, if he meant to continue in office; but the substantial form of the bond required by the act of congress, was prospective only, and no other could be legally taken. A contrary doctrine would open the door to great oppression, and ought therefore to be discountenanced. Injunction made perpetual, except as to the sum liquidated, and stated as having been due since January 1st, 1799, with interest from the time the suit at law was brought; and to be dissolved for the residue.

[1][Reported by Richard Peters, Jr., Esq.]